F**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA

    Plaintiff,

v.

MUHAMMAD AHMED,

    Defendant.
                                       /

Civil Case No. 16-14021
Criminal Case No. 11-20551

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND SENTENCE AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the court is Defendant's Motion to Vacate Sentence (Dkt. #1548.) The motion has been fully briefed. The court has reviewed the parties' filings and concludes that no hearing is necessary. *See* E.D. Mich. L. R. 7.1(f)(2). For the following reasons, the court will deny Defendant's motion.

## I. BACKGROUND

Defendant, a formerly-licensed medical doctor, was indicted for his role in a health care fraud scheme that used unlicensed medical graduates to treat patients. Defendant reviewed the medical records created by these unlicensed graduates, ordered tests, and signed prescriptions for opiates without ever personally observing patients. In total, he prescribed over 100,000 dosage units of prescription drugs. (Dkt. #1421, PageID 11518.) Defendant ultimately pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute prescription drugs in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. (Dkt. #1469, PageID 14872.) As part of Defendant's plea agreement, he waived his right to appeal his sentence. (Dkt. #1621,

PageID 16371) On May 17, 2017, judgment was entered against Defendant. (Dkt. #1469.) He was sentenced below his recommended Guidelines range to 48 months incarceration. (Dkt. #1421, PageID 11520; Dkt. #1469, PageID 14873.)

Defendant now seeks to amend his sentence. He argues that Amendment 794 to the United States Sentencing Guidelines, which permits sentencing reductions for minor participants in criminal conspiracies, entitles him to relief. (*See* Dkt. #1633.) Amendment 794, codified at U.S.S.G. § 3B1.2, became effective in November 2015—well over a year before Defendant was sentenced. *See* U.S. Sentencing Guidelines Manual Supplement to App'x C 114 (U.S. Sentencing Comm'm 2015).

## II.  STANDARD AND ANALYSIS

Amendment 794 was in effect at the time of Defendant's sentencing. In fact, Defendant sought reduction pursuant to § 3B1.2(b) the time of sentencing, but the court determined that Defendant was not a minor participant in the scheme. (Dkt. #1419, PageID 11408; Dkt. #1621, PageID 16366.)  Amendment 794 does not afford Defendant any basis for relief under § 2255.

Defendant's motion is largely based on the Ninth Circuit opinion *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016) which held that Amendment 794 applies retroactively on direct appeal. (Dkt. #1633, at PageID 16433.) However, courts in this district have held that "[c]laims seeking the retroactive application of Amendment 794 are generally not cognizable under § 2255." *United States v. Brooks*, No. 07-20411, 2018 U.S. Dist. LEXIS 140959, at *3 (E.D. Mich. Aug. 20, 2018). Moreover, the Sixth Circuit has held that "[w]here, as here, a defendant did not challenge his sentence on direct appeal, a clarifying amendment may provide the basis for § 2255 relief only if it

brings to light a 'complete miscarriage of justice.'" *Diaz v. United States*, 2017 U.S. App. LEXIS 27864, 2017 WL 6569901, at *1 (6th Cir. June 23, 2017)). When a defendant waives the right to direct appeal as part of a plea agreement, the retroactivity of a Guidelines amendment is not relevant for § 2255 purposes. *Id.* at *2–3 (internal citations omitted) ("[T]hat Amendment 794 is a clarifying amendment, and therefore retroactive on direct appeal, is irrelevant. Where, as here, a defendant did not challenge his sentence on direct appeal, a clarifying amendment may provide the basis for § 2255 relief only if it brings to light a "complete miscarriage of justice.").

Defendant was sentenced below the suggested guidelines range. He has not alleged any facts suggesting that he was less culpable than the low-level distributors also implicated in the overarching conspiracy, let alone facts suggesting that his sentence constituted a "complete miscarriage of justice." To the contrary, the evidence suggests that Defendant was an integral member of the conspiracy and much more culpable than many of the low-level pill users and distributors also involved, regardless of whether he was aware of the precise intricacies of the overarching scheme. Rather, he was responsible for illegally prescribing opiates to many of the low-level distributors. Accordingly, he was not a "minor participant" and he is not entitled to relief pursuant to Amendment 794.

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A defendant must show "that reasonable

jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, reasonable jurists would not debate the conclusion that Defendant's sentence did not constitute a complete miscarriage of justice. Therefore, the court will deny a certificate of appealability.

## IV. CONCLUSION

Defendant's involvement in the health care fraud scheme far surpasses that of a minor participant. Amendment 794 does not offer Defendant any relief from his sentence. Accordingly,

IT IS ORDERED that Defendant's Motion to Vacate (Dkt. #1548) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

                                                          s/Robert H. Cleland
                                                          ROBERT H. CLELAND
                                                          UNITED STATES DISTRICT JUDGE

Dated: October 15, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 15, 2018, by electronic and/or ordinary mail.

                                                          s/Lisa Wagner
                                                          Case Manager and Deputy Clerk
                                                          (810) 292-6522

S:\Cleland\Cleland\HEB\Habeas\11-20551.AHMED.motion.to.amend.HEB.3.docx